**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TONG ZHOU & XIAOXIAO WU,<br>*Plaintiffs*,<br>*v.*<br>UNITED STATES DEPARTMENT OF STATE et al.,<br>*Defendants*. | MEMORANDUM DECISION AND ORDER<br><br>No. 26-CV-2024 |

**GEORGE B. DANIELS, United States District Judge:**

Plaintiffs Tong Zhou and Xiaoxiao Wu, citizens of China, bring this action against the United States Department of State, the U.S. Consulate General in Guangzhou, China, Secretary of State Marco Rubio, and Consul General Pauline Kao (together, the "Government"). (Compl., ECF No. 1, ¶¶ 3, 8–11.) Plaintiffs seek a writ of mandamus compelling the Government to finish adjudicating their applications for H-1B and derivative spouse visas. (*Id.* at 2.) The Government moves to dismiss for, among other reasons, improper venue. (Mot. to Dismiss, ECF No. 18, at 1; Mem. of Law in Supp. ("Mem. in Supp."), ECF No. 19, at 6–8.) Because venue does not lie in the Southern District of New York, the Government's motion is GRANTED in part, and this case is TRANSFERRED to the United States District Court for the District of Columbia.

Plaintiffs interviewed for their visas at the U.S. consulate in Guangzhou in June 2025 and, shortly thereafter, submitted additional information at the consular officer's request. (Compl. ¶¶ 4–5, 9.) Their applications have remained in "administrative processing" since those additional submissions. (*Id.* ¶¶ 6–7, 18.) Before traveling to China, Zhou lived in Atlanta, where he

"established his home and community." (*Id.* ¶ 29.) Fordham University hired him to teach beginning in the fall of 2025. (*Id.*)

On a motion to dismiss for improper venue, the plaintiff bears the burden of establishing that venue is proper. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005). Where, as here, the defendants are federal agencies and officers sued in their official capacities, venue lies in any district where:

(1) a defendant in the action resides,

(2) a substantial part of the events/omissions giving rise to the claim occurred, or

(3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). None of these provisions places venue in this District.

*First*, no defendant resides in this District. The State Department and the Secretary of State reside in Washington, D.C., and the consular officials reside at their post in China. *See Prakash v. Clinton*, No. 8-CV-9482, 2010 WL 668816, at *4 (S.D.N.Y. Feb. 25, 2010) (locating the Secretary of State in Washington and consular officials at their foreign post).

*Second*, the events giving rise to Plaintiffs' claims occurred at the consulate in Guangzhou, not in New York. (Compl. ¶¶ 4–7, 9.) *See Che v. Edlow*, No. 24-CV-2793, 2025 WL 2695283, at *4 (S.D.N.Y. Sept. 22, 2025) (finding venue improper in a visa case brought by a Chinese citizen living in China because his plans to travel to New York did not "directly give rise or have a close nexus to his claim").

*Finally*, Plaintiffs do not reside in this District. A natural person resides where she is domiciled. 28 U.S.C. § 1391(c)(1). A person establishes a domicile through (1) physical presence in a place and (2) the intent to remain there. *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000). Here, Plaintiffs live in China, and they allege only that they "intend to return to reside and work within this district once visa stamps are issued." (Compl.

¶ 13.) That allegation satisfies, at most, the intent element, not the physical-presence element, and "[e]ither without the other is insufficient." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 383 (1904)); *see Prakash*, 2010 WL 668816, at *3 (holding that a plaintiff living in India did not reside in this District). Because Plaintiffs do not allege that they have ever lived in the Southern District of New York, they have not established that venue is proper here.

When venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). That choice lies within the court's "sound discretion." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Here, neither side opposes transfer. Plaintiffs request it as an alternative to dismissal, and the Government "[does] not object . . . to the United States District Court for the District of Columbia." (Opp'n to Mot. to Dismiss, ECF No. 22, at 8; Mem. in Supp. at 7 n.2.) Venue is proper there because the State Department and the Secretary of State reside in that District. 28 U.S.C. § 1391(e)(1)(A).

Accordingly, the Government's motion, (ECF No. 18), is **GRANTED** to the extent that this action is **TRANSFERRED** to the United States District Court for the District of Columbia under 28 U.S.C. § 1406(a). The Clerk of Court is respectfully directed to **TRANSFER** this action, to **CLOSE** the motion at ECF No. 18, and to **CLOSE** this case.

**SO ORDERED.**

Dated: OCT 2 0 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE